IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARK DOUGLAS ADAMS, #1509320, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-340-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND PARTIALLY SEVERING CASE**

Petitioner Mark Douglas Adams, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for disposition.

On February 22, 2021, Judge Love issued a Report recommending that the Court deny the petition and dismiss the case with prejudice because Petitioner failed to identify a protected liberty interest. Judge Love further recommended that a certificate of appealability be denied. Docket No. 17. Petitioner has objected. Docket No. 19.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

1

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner maintains that he has a liberty interest in his loss of good-time credits because a parole board member promised he would be released in September 2020 and that he raised civil rights claims concerning excessive force and the Aryan Brotherhood.

The Fifth Circuit has held that the purpose of a habeas corpus petition is to grant relief from unlawful imprisonment or custody—and that it cannot be used for any other purpose. *See Pierre v. U.S.*, 525 F.2d 933, 936 (5th Cir. 1976). Specifically, the court stated that habeas corpus, although correctly alluded to as the Great Writ, cannot be utilized as a springboard to adjudicate matters foreign to the question of legality of custody or imprisonment. *Id.*; *see also Cook v. Hanberry*, 596 F.2d 658, 660 n.1 (5th Cir. 1979). Rather, § 1983 lawsuits are the proper vehicle in which to challenge unconstitutional confinement, conditions of confinement, and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Here, because Petitioner has indeed raised civil rights claims concerning the conditions of his confinement, his civil rights claims should be severed into a § 1983 lawsuit. The Court notes, however, that Petitioner cannot file his claims in a habeas proceeding to evade the PLRA statutory filing fees.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is

correct, and Petitioner's objections related to his habeas claim are without merit.  The Court therefore **OVERRULES** Petitioner's objections regarding his habeas claims (Docket No. 19) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 17) as the opinion of the District Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice, and the Court **DENIES** a certificate of appealability.

It is further **ORDERED** that Petitioner's civil rights claims in this proceeding are hereby **SEVERED** into a new § 1983 lawsuit.  The Clerk of Court is instructed to issue a new case number and shall copy the petition in this case into the new case.  The Court **ORDERS** Plaintiff to file a § 1983 complaint on the standardized form addressing his civil rights claims within thirty days from receipt of this order.  The Clerk of Court shall send Plaintiff a copy of the standardized § 1983 form and a copy of the motion for leave to proceed *in forma pauperis* so that he may fill them out and return to the Court in conformity with this order.

So **ORDERED** and **SIGNED** this **18th** day of **May, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE